**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| LEE BERKOVITS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-60 (JLH) |
| | ) |
| LOUIS DEJOY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Lee Berkovits, New Castle, Delaware – *Pro Se* Plaintiff

William Edward LaRosa, U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF DELAWARE, Wilmington, Delaware – Counsel for Defendants

January 27, 2025
Wilmington, Delaware

**HALL, U.S. District Judge:**

I.     **INTRODUCTION**

*Pro se* Plaintiff Lee Berkovits filed a Complaint on January 17, 2024, against Louis DeJoy, Postmaster General of the U.S. Postal Service.[1]  Plaintiff alleges that he was subjected to "age and/or antisemetic [sic] discrimination."  (D.I. 1.)  Now pending before the Court is Defendants' Motion to Dismiss.  (D.I. 7.)  The motion is fully briefed (D.I. 8, 9, 10), and the Court resolves it as set forth below.

II.    **BACKGROUND**

Plaintiff worked for the United States Postal Service (USPS) as a Labor Custodian, Level 09, in Wilmington, Delaware.  He alleges that he was subjected to "age and/or antisemetic [sic] discrimination, in that [Plaintiff] was unfairly demoted while needing to take care of [his] sick wife."  (D.I. 1 at 1; D.I. 1-1 at 1.)

Plaintiff's Complaint and attached exhibits reflect that Plaintiff filed a formal Equal Employment Opportunity (EEO) complaint with the USPS on May 26, 2023, which alleged "discrimination on the bases of race (Not Specified) and religion (Jewish), when, on March 11, 2023, he was notified that he would become an unassigned regular, Labor Custodian on March 25, 2023."  (D.I. 1 at 2; D.I. 1-1 at 1.)  The EEO complaint was dismissed pursuant to 29 C.F.R.

---

[1] Plaintiff's Complaint names a single defendant: "Louis DeJoy, Postmaster General, U.S. Postal Service."  (D.I. 1.)  However, when the Complaint was docketed in the Court's electronic filing system, the Clerk of Court mistakenly construed it as naming two defendants: (1) "Louis DeJoy, Postmaster General"; and (2) the "U.S. Postal Service."  When the Court subsequently issued an Order to Show Cause why Plaintiff had only served one defendant (D.I. 5), Plaintiff responded that he was "frankly puzzled" by the Order (and understandably so), because the Right to Sue letter he received from the EEOC instructed him to name only the Postmaster General.  (D.I. 6.)  The Court will order that the docket be corrected to reflect that the only named defendant is "Louis DeJoy, Postmaster General, U.S. Postal Service."

§ 1614.107(a)(2) on the basis that it was untimely filed.  (D.I. 1 at 2; D.I. 1-1 at 1–2.)  Plaintiff then appealed to the Equal Employment Opportunity Commission (EEOC), which affirmed the dismissal.  (*Id.*)

### III. <u>LEGAL STANDARD</u>

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  A possibility of relief is not enough. *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679.  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## IV.   DISCUSSION

Defendant points out that Plaintiff failed to perfect service of process, but Defendant argues that the Complaint should nevertheless be dismissed under Rule 12(b)(6) for failure to state a claim.  I agree.

To state a claim under Title VII for employment discrimination, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Plaintiff need not convince the Court of any of these elements at the motion to dismiss stage, but he must submit more than the Complaint's "naked assertion" that he suffered an adverse employment action because of his membership in a protected class. *See Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014).

Plaintiff's Complaint expressly alleges discrimination on the basis of age and/or religion, but it does not plead facts that plausibly connect his age and/or religion to his demotion.  The only mentions of race and religion in the Complaint are Plaintiff's assertion that he was subjected to "age and/or antisemetic [sic] discrimination" and his assertion that  "I can only conclude – and others I have talked with agree with me – that my demotion was due to either age discrimination or [antisemitism], or perhaps a combination of the two."  (D.I. 1 at 4.)  Those are conclusory assertions and they are not enough.  As the Complaint alleges no facts that would support those conclusory assertions, it is subject to dismissal for failure to state a claim.[2]

---

[2] Because the Court concludes that the Complaint fails to plausibly allege unlawful discrimination on the basis of age and/or religion, the Court does not reach the alternative argument that the claim must be dismissed for failure to timely exhaust administrative remedies.

Plaintiff will be given leave to amend his Complaint to remedy the deficiencies within 14 days. To the extent that Plaintiff amends his Complaint to request relief on some other basis, or pursuant to some other federal law, Plaintiff is advised that he will be required to demonstrate that he has satisfied any administrative exhaustion requirements that might apply to such claims. The record presently before the Court suggests that Plaintiff only pursued administrative remedies with respect to his claims of discrimination based on age and/or religion.

Plaintiff should be advised that filing an amended complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice. Alternatively, if Plaintiff chooses not to timely file an amended complaint, and instead takes no further action, the Complaint will be dismissed without prejudice and this case will be closed.

## V.     CONCLUSION

For the foregoing reasons, the Court will grant the Motion to Dismiss (D.I. 7). Plaintiff is given leave to amend within 14 days.

An appropriate Order will be entered.